## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

LIONRA TECHNOLOGIES LIMITED,

                Plaintiff,

      v.

PALO ALTO NETWORKS, INC.,

                Defendant.

Civil Action No. 2:22-CV-00334

**JURY TRIAL DEMANDED**

## PALO ALTO NETWORKS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Palo Alto Networks, Inc. ("PAN" or "Defendant"), by and through its attorneys, submit this Answer to Plaintiff Lionra Technologies Limited's ("Lionra") Complaint, using the same numbering as in the Complaint. To the extent any allegation contained in this Answer is not specifically admitted, it is hereby denied.

### Plaintiff Lionra and the Patents-in-Suit

1.  PAN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, on that basis, denies the same.

2.  PAN admits that Exhibit 1 to the Complaint (Dkt. 1-1) appears, on its face, to be a copy of U.S. Patent No. 7,685,436 entitled "System and Method for a Secure I/O Interface." PAN further admits that the face of the '436 Patent states that it was issued on March 23, 2010. PAN is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 2 of the Complaint and, on that basis, denies them.

3.  PAN admits that Exhibit 2 to the Complaint (Dkt. 1-2) appears, on its face, to be a copy of U.S. Patent No. 8,566,612, entitled "System and Method for a Secure I/O Interface." PAN

further admits that the face of the '612 Patent states that it has an issue date of October 22, 2013. PAN is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 3 of the Complaint and, on that basis, denies them.

4.      PAN admits that Exhibit 3 to the Complaint (Dkt. 1-3) appears, on its face, to be a copy of U.S. Patent No. 7,921,323, entitled "Reconfigurable Communications Infrastructure for ASIC Networks." PAN further admits that the face of the '323 Patent states that it was issued on April 5, 2011. PAN is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 4 of the Complaint and, on that basis, denies them.

5.      PAN admits it is a Delaware corporation, that its principal place of business is at 3000 Tannery Way, Santa Clara, CA 95054, and that it can be served through Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Steet, Suite 620, Austin, TX 78701.

6.      PAN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, on that basis, denies them. PAN denies the remaining allegations of paragraph 6.

**Jurisdiction and Venue**

7.      PAN admits that Plaintiff's pleading purports to be an action for patent infringement arising under the United States, Title 35 of the United States Code and that this Court has subject matter jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338(a). PAN denies that Lionra's Complaint sets forth a valid or meritorious claim for patent infringement.

8.      To the extent the allegations of paragraph 8 of the Complaint set forth legal conclusions, no response is required. PAN admits that Palo Alto Networks, Inc. has a place of

business at 3901 North Dallas Parkway, Plano, TX 75093, that it is registered to do business in Texas, and that Corporation Service Company is its registered agent for service of process in Texas.  For purposes of this case only, PAN does not contest personal jurisdiction. PAN does not waive the right to contest personal jurisdiction in any other action in this District. PAN denies the remaining allegations in paragraph 8, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

9.      To the extent the allegations of paragraph 8 of the Complaint set forth legal conclusions, no response is required.  PAN admits that venue is proper in this District under 28 U.S.C. § 1400(b) solely for the purposes of this action, but denies that venue in this judicial district is convenient under 28 U.S.C. § 1404(a). PAN denies the remaining allegations of Paragraph 9.

## Count 1 – Claim for infringement of the '436 patent.

10.     PAN incorporates by reference its responses to paragraphs 1 through 9 of the Complaint and denies that Plaintiff is entitled to any relief or damages.

11.     PAN admits that Exhibit 1 to the Complaint (Dkt. 1-1) appears, on its face, to be a copy of U.S. Patent No. 7,685,436 entitled "System and Method for a Secure I/O Interface." PAN further admits that the face of the '436 Patent states that it has an issue date of March 23, 2010. PAN is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 11 of the Complaint and, on that basis, denies them.

12.     PAN admits that the face of the '436 Patent states that it has an issue date of March 23, 2010 and that it is titled, "System and Method for a Secure I/O Interface."

13.     PAN is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 13 of the Complaint and therefore denies them.

14.     PAN denies the allegations of paragraph 14 of the Complaint.

15.     PAN denies that Lionra is entitled to damages and specifically denies that it infringes the '436 Patent.  PAN is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 15 of the Complaint and therefore denies them.

16.     PAN denies the allegations of paragraph 16 of the Complaint.

17.     PAN admits that paragraph 17 purports to include what appear to be excerpts of PAN datasheets and screenshots of and links to one or more PAN web pages. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 17.

18.     PAN admits that paragraph 18 purports to include what appear to be excerpts of PAN datasheets, a Solution Brief, and a White Paper, and screenshots of and links to one or more PAN web pages. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 18.

19.     PAN admits that paragraph 19 purports to include what appear to be excerpts of PAN datasheets and a White Paper. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 19.

20.     PAN admits that paragraph 20 purports to include what appear to be excerpts of a PAN White Paper. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 20.

21.     PAN admits that paragraph 21 purports to include what appear to be  excerpts of PAN datasheets. The remaining allegations amount to legal conclusions which do not require a

response; to the extent a response is required, PAN denies the remaining allegations of paragraph 21.

## Count 2 – Claim for infringement of the '612 patent.

22.     PAN repeats, realleges, and incorporates by reference, as is fully set forth herein, its responses to allegations of paragraphs 1-21, set forth above.

23.     PAN admits that the face of the '612 Patent states that it has an issue date of October 22, 2013 and that it is titled, "System and Method for a Secure I/O Interface."

24.     PAN is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 24 of the Complaint and therefore denies them.

25.     PAN denies the allegations of paragraph 25 of the Complaint.

26.     PAN denies that Lionra is entitled to damages and specifically denies that it has infringed the '612 Patent.  PAN is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 26 of the Complaint and therefore denies them.

27.     PAN denies the allegations of paragraph 27 of the Complaint.

28.     PAN admits that paragraph 28 purports to include what appear to be excerpts of PAN datasheets and screenshots of and links to one or more PAN web pages. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 28.

29.     PAN admits that paragraph 29 purports to include what appear to be excerpts of PAN datasheets, a Solution Brief, and a White Paper, and screenshots of and links to one or more PAN web pages. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 29.

30.     PAN admits that paragraph 30 purports to include what appear to be excerpts of PAN datasheets and a White Paper. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 30.

31.     PAN admits that paragraph 31 purports to include what appear to be excerpts of a PAN White Paper. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 31.

32.     PAN admits that paragraph 32 purports to include what appear to be excerpts of PAN datasheets. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 32.

## Count 3 – Claim for infringement of the '323 patent.

33.     PAN repeats, realleges, and incorporates by reference, as is fully set forth herein, its responses to allegations of paragraphs 1-32, set forth above.

34.     PAN admits that the face of the '323 Patent states that it has an issue date of   April 5, 2011 and is titled, "Reconfigurable Communications Infrastructure for ASIC Networks."

35.     PAN is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 35 of the Complaint and therefore denies them.

36.     PAN denies the allegations of paragraph 36 of the Complaint.

37.     PAN denies that Lionra is entitled to damages and specifically denies that it has infringed the '323 Patent.  PAN is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 37 of the Complaint and therefore denies them.

38.     PAN denies the allegations of paragraph 38 of the Complaint.

39.     PAN admits that paragraph 39 purports to include what appear to be screenshots of and links to one or more PAN web pages and excerpt of a "Tech Note." The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 39.

40.     PAN admits that paragraph 40 purports to include what appear to be screenshots of and links to one or more PAN web pages. The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 40.

41.     PAN admits that paragraph 41 purports to include what appear to be screenshots of and links to one or more PAN web pages, a third party web page, and excerpt of a "Tech Note." The remaining allegations amount to legal conclusions which do not require a response; to the extent a response is required, PAN denies the remaining allegations of paragraph 41.

## JURY DEMAND

42.     PAN admits that Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

PAN denies that Lionra is entitled to any relief from PAN, whether sought in the Complaint's Prayer for Relief or otherwise. Lionra's Prayer for Relief should therefore be denied in its entirety and with prejudice, and Lionra should take nothing from PAN. PAN further denies any allegations asserted under Lionra's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that PAN bears the burden of proof as to any of the following affirmative defenses, PAN asserts the below defenses based upon information and belief

and reserves the right to amend its defenses and add additional defenses.

### FIRST DEFENSE
### (Non-Infringement)

Lionra is not entitled to any relief on its patent infringement claims because PAN does not and has not infringed the claims of the '436 Patent, '612 Patent, and '323 Patent, literally, under the doctrine of equivalents, directly, indirectly, by inducement, or in any other manner.

### SECOND DEFENSE
### (Invalidity)

One or more claims of each of the '436 Patent, '612 Patent, and '323 Patent is invalid for failure to meet one or more of the requirements of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE
### (Prosecution Disclaimer/Estoppel)

Lionra is estopped, by virtue of the prior art and statements and amendments made during the prosecution of the '436 Patent, '612 Patent, and '323 Patent from asserting infringement of one or more claims of the '436 Patent, '612 Patent, and '323 Patent against PAN either literally or under the doctrine of equivalents to the extent such an assertion is contrary to statements made in the '436 Patent, '612 Patent, and '323 Patent, to the United States Patent and Trademark Office during the prosecution of the applications which led to the issuance of the '436 Patent, '612 Patent, and '323 Patent, or in any other proceeding before the United States Patent and Trademark Office relating to the '436 Patent, '612 Patent, and '323 Patent.

### FOURTH DEFENSE
### (Limitation on Damages)

Lionra's alleged damages are limited under 35 U.S.C. §§ 286-288. For example, Lionra

cannot recover damages more than six years before the actual filing date of the operative complaint in this action. For another example, any claim for costs made by Lionra is precluded under 35 U.S.C. § 288. As a further example, Lionra has not satisfied its burden to show compliance with 35 U.S.C. § 287, including the marking requirements.

## FIFTH DEFENSE
### (Estoppel)

Lionra is estopped from pursuing or interpreting the claims of the '436 Patent, '612 Patent, and '323 Patent in a manner contrary to any statements, representations, admissions, elections, positions, concessions, and filings made in any other proceeding concerning the '436 Patent, '612 Patent, or '323 Patent.

## SIXTH DEFENSE
### (No Exceptional Case)

Lionra cannot prove that this is an exceptional case that justifies an award of attorneys' fees against PAN pursuant to 35 U.S.C. § 285.

## SEVENTH DEFENSE
### (Unavailability of Injunctive Relief)

Lionra is not entitled to injunctive relief as a matter of law and cannot satisfy the requirements applicable to its request for injunctive relief in any form. Specifically, Lionra cannot demonstrate irreparable harm, as any damages it could demonstrate are remedied by monetary damages.

## EIGHTH DEFENSE
### (Government Sales)

Any claim for damages made by Lionra is limited under 28 U.S.C. § 1498(a) to the extent the accused products were sold to the United States or used or manufactured by or for the Government of the United States.

## RESERVATION OF ADDITIONAL DEFENSES

PAN expressly reserves the right to raise and allege additional defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may exist or in the future may be available based on further investigations and discovery.

## PRAYER FOR RELIEF

WHEREFORE, PAN prays for judgment that:

A.      Finds in favor of PAN and against Lionra on Lionra's allegations;

B.      Denies Lionra's prayer for injunctive relief;

C.      Finds in favor of PAN and against Lionra on PAN's affirmative defenses;

D.      Finds that PAN has not infringed any claim of the '436 Patent, '612 Patent, or '323 Patent;

E.      Finds that the claims of the '436 Patent, '612 Patent, and '323 Patent are invalid;

F.      Declares that this case is exceptional under 35 U.S.C. § 285 and awards PAN its costs and attorneys' fees incurred in this action; and

G.      Grants PAN such other and further relief as the Court may deem just and proper.


Date: November 7, 2022                    Respectfully submitted:

                                          By: */s/ Melissa R. Smith*
                                          Eric A. Buresh (KS Bar 19895)
                                          Michelle L. Marriott (KS Bar 21784)
                                          Mark C. Lang (KS Bar 26185)
                                          Lydia C. Raw (*pro hac vice* to be filed)
                                          ERISE IP, P.A.
                                          7015 College Blvd., Ste. 700
                                          Overland Park, KS 66211
                                          Tel: (913) 777-5600
                                          Fax: (913) 777-5601
                                          Eric.Buresh@eriseip.com
                                          Michelle.Marriott@eriseip.com

Mark.Lang@eriseip.com
Lydia.Raw@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendant***
***Palo Alto Networks, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on November 7, 2022.

/s/ Melissa R. Smith